```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

Joseph Torro

    v.                                        Case No. 18-cv-213-AJ
                                                Opinion No. 2019 DNH 052

Mark Goldberg, Marilyn Gordon,
and the Town of Bradford

## **O R D E R**

Joseph Torro brought suit alleging federal claims under 42 U.S.C. § 1983 and state law claims against Mark Goldberg, Marilyn Gordon, and the Town of Bradford. The claims arise from decisions not to grant Torro a certificate of occupancy for the Bradford Village Inn and not to grant him a tax abatement for the property. The defendants each move for judgment on the pleadings, asserting that the claims are barred by the statute of limitations and that Torro fails to allege actionable claims. In response, Torro objects to dismissal of only his equal protection claim and his state law claim against Gordon for violation of RSA 91-A and against Gordon and Goldberg for intentional infliction of emotional distress.[1]

---

[1] In his complaint, Torro also alleged a violation by all defendants of his right to substantive due process, Count II; violation by all defendants of RSA 91-A, Count III; intentional infliction of emotional distress against all defendants, Count IV; and official oppression in violation of RSA 643:1 by Gordon and Goldberg, Count V. Because Torro did not oppose judgment on the pleadings on Count II, Count III as to Goldberg and Bradford, Count IV as to the Town of Bradford, and Count V, those claims are dismissed.

**Standard of Review**

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is addressed under the standard for a motion to dismiss under Rule 12(b)(6). Shay v. Walters, 702 F.3d 76, 82 (1st Cir. 2012). The court takes the plaintiff's factual allegations as true and draws reasonable inferences in the plaintiff's favor. Kando v. R.I. State Bd. Of Elections, 880 F.3d 53, 58 (1st Cir. 2018). Legal conclusions are not credited. Najas Realty, LLC v. Seekonk Water Dist., 821 F.3d 134, 140 (1st Cir. 2016). Taken in that light, the complaint must provide facts to support a claim that "is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

**Background**

Torro alleges in the complaint that Marilyn Gordon owned and operated the Candlelite Inn as a "Bed and Breakfast" in Bradford, New Hampshire. Torro alleges that Gordon was romantically involved with Mark Goldberg, the Chief of the Bradford Fire Department, and that Goldberg lived at the Inn with Gordon.

Gordon began to list the property for sale beginning in 2010, with listing prices of $500,000 and $600,000. In August of 2014, Torro made an offer on the property of $175,000, which

was rejected, and then an offer of $195,000, which was also rejected. The Inn was then listed for sale at auction.

Torro asked two of the Bradford selectmen if they knew any reason why the Inn could not be operated as a Bed and Breakfast. They denied knowing of any issues and said that he could continue to run the Inn as a Bed and Breakfast. Torro was the highest bidder at the auction, held in August of 2014, and paid $258,000 for the Inn.

After Torro took possession of the Inn, Gordon told him he could not continue to use the name "Candlelite Inn" without paying for the trade name. Torro declined to buy the name and renamed the Inn, "Bradford Village Inn." Torro invested in improvements in the building, including new electrical wiring, smoke and carbon monoxide detectors, and new chimney liners and caps. The chimneys were tested for safety.

The Bradford Code Enforcement Officer, Walter Royal, visited the building while the improvements were underway. While Torro was talking with Royal outside the Inn, Goldberg drove up and appeared to be angry as he approached Torro and Royal. Goldberg said that Torro could not open the Inn because of "all the deficiencies." Torro asked why the deficiencies did not prevent Gordon from running the Inn, and Goldberg left.

On October 6, 2014, Torro attended a board of selectmen meeting to explain the improvements he was making to the Inn.

Goldberg also attended the meeting and said that because he knew Gordon he would not be able to do the fire safety inspection. Because Goldberg recused himself from the inspection, it was done by the state fire marshal, who did not issue a certificate of occupancy.

In December of 2014, the Bradford Business Association planned to hold a luncheon at the Inn to welcome Torro to the Bradford Business Community. Gordon objected to holding the meeting at the Inn, and it was held elsewhere.

On March 10, 2015, Goldberg sent an email to the state fire marshal's office to report a listing for the Inn on a rental website.[2] Goldberg asked if renting the Inn was legal. Gordon sent Goldberg an email about the rental listing the day before. The fire marshal had the matter investigated, and the investigator determined that because Torro was renting the entire building, not individual rooms within the building, that rental activity did not come under the Fire Code's restriction on a lodging or rooming house and was not prohibited by the fire codes.

Torro and his wife petitioned Bradford for a tax abatement, which was being considered by the town in April or May of 2015. Torro alleges that the selectmen were prepared to grant him a

---

[2] Although Torro states that the email was sent on March 10, it is dated March 12.

fifty percent tax abatement on the Inn property.  Torro further alleges that Gordon, who is the treasurer of the Town of Bradford, objected to the tax abatement and expressed her objections during a nonpublic meeting of the selectmen.  The tax abatement was not granted.

## Discussion

Torro's remaining claims are that the defendants violated his equal protection rights by treating him differently than Gordon was treated in running the Inn.  He also alleges that Goldberg's and Gordon's conduct amounted to intentional infliction of emotional distress and that Gordon violated RSA 91-A.  The defendants move for judgment on the pleadings on the grounds that the claims are time barred and that Torro fails to allege actionable claims.

A. Equal Protection

In Count I, Torro alleges that Goldberg, as town fire chief, and Gordon, as town treasurer, conspired to deny him equal protection of the law by having Goldberg recuse himself from the fire safety inspection of the Inn.  Because of Goldberg's recusal, Torro theorizes, he was subjected to a stricter level of inspection by the state fire marshal's office, which resulted in the Inn not being given a certificate of

occupancy. He argues that because the inspection of the property by the fire marshal was more stringent than Goldberg's inspection would have been, he was treated differently than Gordon was while she owned the property.

1. Statute of limitations

When a claim under § 1983 arose in New Hampshire, the statute of limitations is three years. Gorelik v. Costin, 605 F.3d 118, 121 (1st Cir. 2010); RSA 508:4. "'Section 1983 claims generally accrue when the plaintiff knows, or has reason to know of the injury on which the action is based, and a plaintiff is deemed to know or have reason to know at the time of the act itself and not at the point that the harmful consequences are felt.'" Id. at 122 (quoting Moran Vega v. Cruz Burgos, 537 F.3d 14, 20 (1st Cir. 2008)). The complaint was filed on March 12, 2018, so the three-year period extends back to March 12, 2015.

Based on the allegations in the complaint, Torro knew that Goldberg had recused himself from conducting the fire inspection on October 6, 2014. He also knew that the state fire marshal would conduct the inspection. Although Torro fails to allege when the inspection was done or when the state marshal issued the decision denying a certificate of occupancy, that occurred before March of 2015 when Goldberg reported the rental

activities to the state fire marshal.  As a result, Torro did not bring his claim within three years of its accrual.

Torro argues, however, that the time is extended by the continuing violation doctrine.  "Under the 'continuing violation' doctrine, a plaintiff may obtain recovery for discriminatory acts that otherwise would be time-barred so long as a related act fell within the limitations period."  Tobin v. Liberty Mut. Ins. Co., 553 F.3d 121, 130 (1st Cir. 2009).  To be related, the more recent act must be part of the same discriminatory course of conduct, such as a hostile work environment, not a discrete act of discrimination.  Id.

In this case, Torro argues that Goldberg's emails to the fire marshal's office about listing the Inn on rental websites in March of 2015 constitute a continuing violation.  He is mistaken.  Torro has not shown how the emails are a continuation of Goldberg's decision to recuse himself from the fire inspection or the fire marshal's fire safety inspection of the Inn.  Those matters were complete when they occurred.  To the extent the emails could be construed as a violation of equal protection, which is not apparent, they would constitute discrete acts separate from the fire safety inspection of the

Inn.[3]  Therefore, the continuing violation doctrine does not apply to extend the limitation period in this case.

   2. Merits of the Claim

   In addition, even if the claim were not time barred, Torro has not stated a violation of his right to equal protection of the laws.  As he acknowledges, Torro contends that his claim is an equal protection violation based on a class of one.  To succeed on that claim, Torro must allege facts to show "'that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Gianfrancesco v. Town of Wrentham, 712 F.3d 634, 640 (1st Cir. 2013) (quoting Vill. Of Willowbrook v. Olech, 528 U.S. 562, 564 (2000)).  Importantly, "a class-of-one plaintiff bears the burden of showing that his comparators are similarly situated in all respects relevant to the challenged government action."  Id. at 640.

   Torro contends that he was treated differently than Gordon was treated, while owning the same property.  His allegations, however, do not show that unequal treatment occurred.  He does not contest that the Inn was subject to a fire safety inspection

---

[3] Further, no action was taken against Torro as a result of the emails.  The investigation determined that he could rent the Inn in its entirety.

before he could get a certificate of occupancy and open for business. He also does not contest that he was attempting to open the Inn for business, under new ownership, after making significant changes, and after the Inn had not been in operation for over a year.

He does not allege what standard applied to the Inn while Gordon was the owner, and what different standard was applied to him.[4] In addition, he does not allege that a single entity applied two different standards. Instead, he alleges that Goldberg discriminated against him by recusing himself from doing the inspection. Under the circumstances, the recusal was eminently rational and reasonable. General and conclusory statements that another business was treated differently are not enough to carry a class-of-one plaintiff's burden to show a similarly situated comparator. Gianfrancesco, 712 F.3d at 640.

Therefore, Torro fails to state an equal protection violation.

B. State Law Claims

Subject matter jurisdiction in this case is based on the existence of a federal question. 28 U.S.C. § 1331. When the

---

[4] The defendants do provide information about the fire safety codes and what additional requirements applied to Torro because he was opening a new business.

9

federal claims that provided the basis for subject matter jurisdiction have been dismissed early in a lawsuit and only state law claims remain, "the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice."  Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988); see also 28 U.S.C. § 1367(c).

The federal claims in this case are being dismissed early in the case, leaving only state law claims.  Therefore, the court declines to exercise supplemental jurisdiction over Torro's remaining state law claims, which are a claim against Gordon in Count III and against all defendants in Count IV.


## Conclusion

For the foregoing reasons, the defendants' motions for judgment on the pleadings (documents nos. 19, 22, and 23) are granted to the extent that Counts I, II, and V are dismissed with prejudice.  That part of Count III alleged against Mark Goldberg and the Town of Bradford is dismissed with prejudice, and Count IV as to the Town of Bradford is dismissed with prejudice.

The court declines to exercise subject matter jurisdiction over Count III against Marilyn Gordon and Count IV against Gordon and Goldberg.  Those claims are dismissed without prejudice.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED

_____
Andrea K. Johnstone,
United States Magistrate Judge

March 22, 2019

cc: All counsel of record